ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM.*
This matter arises from a petition for consent discipline filed jointly by the Office of Disciplinary Counsel (“ODC”) and re *574 spondent, Kevin Joseph Bouton, an attorney who is currently on interim suspension.[1]
UNDERLYING FACTS[2]
The ODC commenced an investigation in this matter after receiving notification that respondent had abandoned his clients and his law practice. The ODC subsequently discovered that respondent’s wife had embezzled funds from her employer and given the funds to respondent; in turn, respondent deposited the stolen funds in his client trust account and then withdrew them for the personal use of himself and his wife.[3] Sometime in June 1999, respondent fled the state. He gave no | ¡¡.notice of his departure to his clients or the attorneys from whom he rented office space, nor did he make provisions to return his client’s files or to have them taken over by other attorneys. On July 2, 1999, a warrant was issued for respondent’s arrest on a charge of theft over $500, a violation of La. R.S. 14:67. Respondent was eventually arrested and returned to Louisiana, where he has pleaded guilty to ten counts of felony theft. Respondent is currently incarcerated in Iberia Parish pending sentencing.
Respondent admits that his conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.15(a) (safekeeping property of a client or third person), 1.16(d) (termination of the representation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. The petition for consent discipline identifies two aggravating factors: multiple offenses and dishonest motive. Respondent and the ODC propose that respondent be disbarred from the practice of law.
DISCIPLINARY BOARD RECOMMENDATION
The disciplinary board recommended that the consent discipline tendered by respondent be accepted and that respondent be disbarred from the practice of law. Neither party objected to this recommendation.
J^DISCUSSION
Respondent has admitted that he engaged in misconduct which adversely reflects on his fitness to practice law. He used his client trust account to hold embezzled funds, later withdrawing these funds for his personal use. Additionally, he abandoned his clients and made no attempt to protect their interests. Given these facts, we conclude disbarment is appropriate.
Accordingly, we will accept the petition for consent discipline, and disbar respondent from the practice of law.
*575 DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Kevin Joseph Bouton be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Victory, J., not on panel. Rule IV, Part II, § 3.

. In re: Bouton, 99-2600 (La.9/17/99), 744 So.2d 1272.

. No underlying facts were presented in the petition for consent discipline initially filed by the parties. As a result, we ordered the record be supplemented with a joint stipulation setting forth the specific facts of respondent’s misconduct. In future cases where the underlying facts are not readily apparent from the petition for consent discipline, we strongly encourage the ODC to enter into a joint stipulation with the attorney setting forth the specific facts of the matter. Such facts are necessary for the disciplinary board and this court to make a meaningful determination whether the proposed discipline is appropriate.

.Respondent’s wife was the bookkeeper for Iberia Building Systems. According to the affidavit submitted in support of the warrant for respondent’s arrest, Mrs. Bouton called the owner of Iberia Building Systems on June 29, 1999 and told him that she had embezzled over $100,000 from the company, funneling it through her husband's bank account. She said that respondent was "freaked out" about this now and she wanted to make arrangements for restitution. However, Mrs. Bouton said that if the company would not allow her to make payments, she and respondent would leave the country. After the company's CPA examined the financial records, he discovered approximately $175,000 missing.